## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

JESSICA VIVIANA ALVAREZ )
CLAVIJO, )
                            )
          Petitioner, )
                            )
v. )          Case No. CIV-26-00854-JD
                            )
FNU WARDEN, Diamondback Correctional )
Facility, et al. )
                            )
          Respondents. )

## SHOW CAUSE ORDER

The Court is in receipt of Petitioner's Second Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Second Petition") [Doc. No. 1]. The Court dismissed Petitioner's previous Petition on mootness grounds because she was given a bond hearing and found to be a flight risk. *See Clavijo v. Warden of Diamondback Corr. Facility*, CIV-26-00473-JD, Doc. Nos. 12–13 (W.D. Okla. Apr. 13, 2026). Petitioner then filed this new action and Second Petition, arguing the length of her detention violates the Due Process Clause of the Fifth Amendment.[1] [Doc. No. 1 ¶ 4].

Upon review, Petitioner does not appear to state any facially valid claim for habeas relief. For the reasons explained below, the Court ORDERS Petitioner to SHOW CAUSE

---

[1] Petitioner also alleges that she has been "denied an individualized bond hearing before a neutral decision-maker to determine if [her] continued detention is necessary," [Doc. No. 1 ¶ 2], but this is foreclosed by the Court's ruling in Petitioner's prior case, *see Clavijo v. Warden of Diamondback Corr. Facility*, CIV-26-00473-JD (W.D. Okla. Apr. 13, 2026). As Petitioner is proceeding pro se, the Court will liberally construe the Second Petition as challenging only the length of her detention. *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997).

in writing **on or before May 20, 2026**, why this petition should not be dismissed for failure to state a claim.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts states:[2] "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Federal Rule of Civil Procedure 8(a)(2) likewise mandates "a short and plain statement of the claim showing that the pleader is entitled to relief."

Here, the Second Petition is facially premature and fails to state a claim for relief. Petitioner directs the Court to no case or theory where an alien who (1) is pending removal proceedings, and (2) has been found to be a flight risk under 8 U.S.C. § 1226(a), can experience unlawfully prolonged pre-removal-order detention.

Petitioner cites to *Zadvydas v. Davis*, but that case dealt with aliens facing indefinite detention after their removal proceedings had concluded, meaning there was no foreseeable end date to the proceedings. 533 U.S. 678, 693 (2001). Here, Petitioner's removal proceedings remain active—her detention will terminate when those proceedings end. *See* Executive Office for Immigration Review ACIS, https://acis.eoir.justice.gov/en (last visited May 6, 2026) (search result of A-Number 209-464-497 and nationality

---

[2] The Court may apply the Rules Governing 28 U.S.C. § 2254 Cases to habeas petitions arising under 28 U.S.C. § 2241. *See* Rule 1(b) of the Rules Governing Section 2254 Cases; *Boutwell v. Keating*, 399 F.3d 1203, 1210 n.2 (10th Cir. 2005) (confirming that a district court "acted within its discretion by applying the Section 2254 Rules to this § 2241 petition" and citing Rule 1(b)).

"Ecuador," showing Petitioner's case as "pending" with a hearing scheduled for May 18, 2026). Proceedings occurring before entry of a final order of removal "provide for detention for a specified period of time," terminating detention with the end of the proceedings. *Jennings v. Rodriguez*, 583 U.S. 281, 299 (2018). *Cf. Demore v. Kim*, 538 U.S. 510, 531 (2003) ("Detention during removal proceedings is a constitutionally permissible part of that process.").

The three district court cases that Petitioner cites do not exist—they appear to be "hallucinations" resulting from the unchecked use of generative AI. [Doc. No. 1 ¶¶ 3, 24–25]. For Petitioner's first citation to "*Angel Marino Perez Velasquez v. Warden*, Case No. 2:26-cv-00078 (S.D. Tex. Apr. 14, 2026)," [Doc. No. 1 ¶¶ 3, 24], that case number corresponds to a different habeas case (with a different petitioner) in which the court in the Southern District of Texas has yet to issue any final order as of this date of filing. *See Herrera v. Noem*, 5:26-cv-00078 (S.D. Tex.) (lacking any final orders as of May 6, 2026). Petitioner's second citation to "*Bonilla Chicas v. Warden*, 2026 WL 1162608 (S.D. Tex. Feb. 20, 2026)" contains a Westlaw database identifier that corresponds to a decision by the U.S. Court of Appeals for the Ninth Circuit relating to an action brought under 42 U.S.C. § 1983 (not a habeas action), which was issued after Petitioner filed her Second Petition, meaning it did not exist at the time she filed her action. [Doc. No. 1 ¶ 25]; *see Vien-Phuong Thi Ho v. City of Long Beach, Pub. Works*, No. 23-55626, 2026 WL 1162608 (9th Cir. Apr. 29, 2026) (unpublished). And Petitioner's third citation to "*Strunin v. Garcia*, 2026 WL 1358684 (S.D. Tex. Mar. 3, 2026)" returns no case on the Court's Westlaw database search. [Doc. No. 1 ¶ 25].

3

Moreover, Petitioner alleges that as of "April 16, 2026, [she] ha[d] been detained for seventy-two (72) consecutive days." [Doc. No. 1 ¶ 14]. That is well within the six-month period that *Zadvydas* deemed presumptively reasonable even in the more constitutionally fraught potentially-indefinite-detention context. 533 U.S. at 701. Petitioner cites no precedential or persuasive authorities finding length-based due process violations at this duration where the petitioner in question has been deemed a flight risk and is not yet subject to a final order of removal. The Court's own search of the relevant case law also reveals no such examples. The Second Petition is facially premature and fails to state a claim.

For these reasons, the Court ORDERS Petitioner to SHOW CAUSE in writing **on or before May 20, 2026**, why the Second Petition [Doc. No. 1] should not be dismissed. Failure to timely respond will result in the dismissal of this action for failure to comply with the Court's Order without further opportunity to cure.

IT IS SO ORDERED this 6th day of May 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

4