**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JESSICA VIVIANA ALVAREZ CLAVIJO, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Case No. CIV-26-00854-JD |
| FNU WARDEN, Diamondback Correctional Facility, et al. | ) ) ) ) | |
| Respondents. | ) ) | |

## ORDER

Before the Court is Petitioner Jessica Viviana Alvarez Clavijo's Second Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Second Petition") [Doc. No. 1], the Court's Show Cause Order [Doc. No. 7], and Petitioner's Response to the Show Cause Order [Doc. No. 8].[1]

For the reasons stated below, the Court DISMISSES the Second Petition without prejudice and without leave to amend.

## I.    BACKGROUND

Petitioner is a civil immigration detainee held at the Diamondback Correctional Facility while removal proceedings against her remain pending. She is detained under 8 U.S.C. § 1226(a), and at a bond hearing she was found to be a flight risk. On that basis, the Court dismissed her first habeas petition as moot. *See Clavijo v. Warden of*

---

[1] Citations to the parties' filings use ECF designations from the top of district court filings for both page numbers and exhibit numbers.

*Diamondback Corr. Facility*, 26-cv-00473-JD, Doc. Nos. 12–13 (W.D. Okla. Apr. 13, 2026).

Petitioner then filed this action, arguing that the length of her detention violates the Due Process Clause of the Fifth Amendment. [Doc. No. 1 ¶ 4]. She alleges that, as of April 16, 2026, she has been detained for seventy-two consecutive days. [Doc. No. 1 ¶ 14].

On May 6, 2026, the Court issued a Show Cause Order directing Petitioner to show cause in writing, on or before May 20, 2026, why the Second Petition should not be dismissed for failure to state a claim. [Doc. No. 7]. Petitioner timely responded on May 11, 2026. [Doc. No. 8]. In her Response, Petitioner acknowledges that some of the authorities cited in the Second Petition were inaccurate or unverifiable, withdraws those citations, and requests leave to amend or supplement the Second Petition. [Doc. No. 8 at 1–3]. She attaches as an exhibit an order granting habeas relief in *Velasquez v. Warden*, No. 26-cv-00565 (S.D. Tex. Apr. 14, 2026), offered as persuasive, non-binding authority. [Doc. No. 8 at 2; Doc. No. 8-1].

## II.    LEGAL STANDARDS

The writ of habeas corpus is available to those held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). And § 2241(c)(3) generally gives district courts jurisdiction over challenges to the legality of an alien's detention. *Rasul v. Bush*, 542 U.S. 466, 483 (2004); *see also Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) ("Challenges to immigration detention are properly brought directly through habeas.").

2

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides:[2] "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Federal Rule of Civil Procedure 8(a)(2) likewise requires "a short and plain statement of the claim showing that the pleader is entitled to relief."

Courts liberally construe pro se pleadings, "applying a less stringent standard than is applicable to pleadings filed by lawyers." *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997). This means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Even so, the court will not "assume the role of advocate," *id.*, nor will it "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney*, 113 F.3d at 1173–74.

## III.   ANALYSIS

### A.   The Second Petition is facially premature and fails to state a claim.

The Second Petition fails to state a claim because it challenges pre-removal-order detention that remains lawful. Detention under 8 U.S.C. § 1226(a) during pending

---

[2] The Court may apply the Rules Governing 28 U.S.C. § 2254 Cases to habeas petitions arising under 28 U.S.C. § 2241. *See* Rule 1(b) of the Rules Governing Section 2254 Cases; *Boutwell v. Keating*, 399 F.3d 1203, 1210 n.2 (10th Cir. 2005) (confirming that a district court "acted within its discretion by applying the Section 2254 Rules to this § 2241 petition" and citing Rule 1(b)).

removal proceedings is not indefinite; it terminates when those proceedings conclude. Statutes governing detention before entry of a final order of removal "provide for detention for a specified period of time." *Jennings v. Rodriguez*, 583 U.S. 281, 299 (2018). Such detention is constitutionally permissible: "Detention during removal proceedings is a constitutionally permissible part of that process." *Demore v. Kim*, 538 U.S. 510, 531 (2003). *Zadvydas v. Davis* does not require a different result. That case concerned aliens facing potentially indefinite detention after their removal proceedings had already concluded, and even there, the Supreme Court recognized a presumptively reasonable detention period of six months. 533 U.S. 678, 701 (2001).

Petitioner contends that the length of her detention violates the Due Process Clause. [Doc. No. 1 ¶ 4]. In support, she relies principally on *Zadvydas* and an unrelated habeas case from the Southern District of Texas. [Doc. No. 1 ¶¶ 3, 21–22]; [Doc. No. 8-1].

Petitioner's allegations do not state a claim. She remains in active removal proceedings, has been found to be a flight risk under § 1226(a), and is not subject to a final order of removal. Her detention is therefore tied to the duration of those proceedings. Her alleged seventy-two days of detention as of April 16, 2026, [Doc. No. 1 ¶ 14], falls well within the six-month period *Zadvydas* deemed presumptively reasonable even after a final order of removal. 533 U.S. at 701. And her detention remains within that period as of the date of this Order. Petitioner identifies no precedential or persuasive authority finding a length-based due process violation at this duration where the detainee has been deemed a flight risk and is not yet subject to a final order of removal, and the

4

Court has found none. The case Petitioner attaches, [Doc. No. 8-1], deals with a due process challenge where the petitioner did not receive a bond hearing—it is inapplicable to this case.

Because Petitioner identifies no theory or authority under which her current detention violates due process, she is not entitled to relief, and the Second Petition must be dismissed.

### B.      Petitioner is not entitled to leave to amend.

Leave to amend is unwarranted because amendment would be futile. While pro se litigants are often afforded dismissal with leave to amend, the Tenth Circuit has stated this is appropriate when the "'factual allegations are close to stating a claim,'" and the claims in this case aren't, at least not yet. *Gee v. Pacheco*, 627 F.3d 1178, 1195 (10th Cir. 2010) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

Petitioner "requests leave to amend or supplement the Second Petition to correct the citations, remove unsupported authorities, accurately state the procedural history, address the prior bond hearing, and present any viable claim under the proper legal framework." [Doc. No. 8 at 3]. She argues that "dismissal without leave to amend would be harsh given her *pro se* status, detention, and good-faith attempt to raise a constitutional challenge." [Doc. No. 8 at 3].

The Court appreciates Petitioner's pro se status, but that status cannot cure the Second Petition's defect. The problem is not a citation error or an inartfully pleaded set of facts that a more careful petition could repair; it is that Petitioner's claim is premature as a matter of law. Petitioner's response, while candid, does not alter the governing

framework: detention under § 1226(a), during pending proceedings, of an alien found to be a flight risk, who is not subject to a final order of removal, and whose detention remains within the period *Zadvydas* deemed presumptively reasonable. That framework places her factual allegations far from "close to stating a claim." *Gee*, 627 F.3d at 1195. Petitioner's allegations affirmatively establish that her due process claim has not yet ripened. Amendment would therefore be futile, and leave to amend is denied.

The dismissal is nevertheless without prejudice. Unlike a claim barred by an immutable defect such as the statute of limitations, a premature challenge to the duration of pre-removal detention may ripen as circumstances change. The conclusion that Petitioner's detention does not presently violate due process does not foreclose a future petition should her detention become prolonged, or its character otherwise change, such that a due process claim becomes viable.

## IV.    CONCLUSION

For the foregoing reasons, the Court DISMISSES the Second Petition [Doc. No. 1] without prejudice and without leave to amend. The Court further DENIES as moot Petitioner's Application for Temporary Restraining Order. [Doc. No. 3]. A separate judgment will follow.

IT IS SO ORDERED this 29th day of May 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

6